DOCKET NO.

# 23-1065

## In The United States Court of Appeals
## For The Second Circuit

JOSEPH CORSINI,

*Plaintiff – Appellant,*

v.

CITY OF NEW YORK,

*Defendant – Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF NEW YORK

―――――――

**REPLY BRIEF OF APPELLANT**

―――――――

William R. Maurer
INSTITUTE FOR JUSTICE
600 University Street,
Suite 1730,
Seattle, WA 98101
P. (206) 957-1300
E. wmaurer@ij.org

Diana K. Simpson
Jaba Tsitsuashvili
INSTITUTE FOR JUSTICE
901 N. Glebe Road,
Suite 900,
Arlington, VA 22203
P. (703) 682-9320
F. (703) 682-9321
E. diana.simpson@ij.org;
jtsitsuashvili@ij.org

*Counsel for Appellant*
*Additional counsel listed on inside cover*

Jaime Lathrop
LAW OFFICES OF JAIME LATHROP, P.C.
182A 26th Street,
Suite 2R,
Brooklyn, NY 11232
P. (718) 857-3663
E. jlathrop@lathroplawpc.com

*Counsel for Appellant*

# Table of Contents

PAGE(S)

Table of Contents ................................................................. i

Table of Authorities............................................................ iii

Introduction....................................................................... 1

Argument........................................................................... 2

    I.    Mr. Corsini's challenge to the unreviewable violations is
        timely................................................................... 2

        A.    Mr. Corsini plausibly alleged that his claim
              challenging the unreviewable violations accrued no
              earlier than November 21, 2017. ................................... 3

              1.    Mr. Corsini plausibly alleged he did not know
                    that he would not receive a hearing for the
                    unreviewable violations until all proceedings
                    ended. .................................................... 5

              2.    The City's argument that Mr. Corsini should
                    have known he would not receive a hearing fails. 8

              3.    The Supreme Court's decision in *Reed* makes
                    clear that Mr. Corsini's claim is timely. ............. 13

    II.    Mr. Corsini has plausibly stated a claim that the City's
        penalty-prepayment requirement violates due process. ...... 16

        A.    The City's penalty-prepayment requirement is not a
              filing fee.................................................... 17

Conclusion .................................................................... 21

CERTIFICATE OF COMPLIANCE.........................................................23

CERTIFICATE OF FILING AND SERVICE ..........................................24

# Table of Authorities

PAGE(S)

**CASES**

*Adsani v. Miller*,
   139 F.3d 67 (2d Cir. 1998) ................................................................ 19

*Augustin v. Nassau Cnty. Sheriff's Dep't*,
   783 F.3d 414 (2d Cir. 2015) ............................................................. 19

*Barrett v. United States*,
   689 F.2d 324 (2d Cir. 1982) ............................................................ 8, 9

*Billeris v. Inc. Vill. of Bayville*,
   No. 20-cv-03298, 2023 WL 6214108 (E.D.N.Y. Sept. 25, 2023) .......... 16

*Bistline v. Parker*,
   918 F.3d 849 (10th Cir. 2019) ............................................................ 9

*Brody v. Vill. of Port Chester*,
   434 F.3d 121 (2d Cir. 2005) .......................................................... 9, 11

*Brody v. Vill. of Port Chester*,
   509 F. Supp. 2d 269 (S.D.N.Y. 2007) .................................................. 9

*Cornwell v. Robinson*,
   23 F.3d 694 (2d Cir. 1994) ................................................................. 4

*In re Am. President Lines, Inc.*,
   779 F.2d 714 (D.C. Cir. 1985) .......................................................... 20

*Johnson v. Griffin*,
   69 F.4th 506 (8th Cir. 2023) ............................................................. 16

*Lindsey v. Normet*,
   405 U.S. 56 (1972) ........................................................................... 19

*Lutz v. Chesapeake Appalachia, LLC,*
    717 F.3d 459 (6th Cir. 2013) ................................................................ 9

*Mullane v. Cent. Hanover Bank & Tr. Co.,*
    339 U.S. 306 (1950) ........................................................................... 11

*Nicholas v. Tucker,*
    114 F.3d 17 (2d Cir. 1997) ................................................................. 19

*Ortwein v. Schwab,*
    410 U.S. 656 (1973) ........................................................................... 19

*Pendleton ex rel. Pendleton v. City of Goodyear,*
    No. CV-09-2213, 2010 WL 1996749 (D. Ariz. May 19, 2010) ............... 9

*Reed v. Goertz,*
    598 U.S. 230 (2023) ................................................................ 3, 13, 15

*Saharoff v. Stone,*
    638 F.2d 90 (9th Cir. 1980) ........................................................... 19, 20

*Schmidt v. Skolas,*
    770 F.3d 241 (3d Cir. 2014) ................................................................. 9

*Shomo v. City of New York,*
    579 F.3d 176 (2d Cir. 2009) ................................................................. 7

*Sidney Hillman Health Ctr. of Rochester v. Abbott Laboratories, Inc.,*
    782 F.3d 922 (7th Cir. 2015) ........................................................... 9, 10

*Tioronda, LLC v. New York,*
    386 F. Supp. 2d 342 (S.D.N.Y. 2005) ................................................. 11

*United States v. Kras,*
    409 U.S. 434 (1973) ........................................................................... 18

*Veal v. Geraci,*
    23 F.3d 722 (2d Cir. 1994) ................................................................... 4

*Williams v. Krasner*,
   No. 22-2984, 2023 WL 3773861 (3d Cir. June 2, 2023) ......................16

## STATUTES, REGULATIONS AND CODES

N.Y.C. Admin. Code § 28-204.2................................................................12

N.Y.C. Admin. Code § 28-219.1................................................................12

## Introduction

This case is before this Court on an order granting a motion to dismiss. The City's brief, however, approaches this case as though it were here after a trial or an order on summary judgment following discovery. Rather than accept that the facts alleged in Mr. Corsini's complaint must be taken as true, the City argues a different set of facts. In doing so, the City makes up an accrual date for Mr. Corsini's claim challenging the City's unreviewable violations that does not reflect Mr. Corsini's complaint (or reality). Who is correct in this argument is a question for a hearing based on a full record. This Court here should apply the correct standard of review, consider only those facts alleged in Mr. Corsini's complaint, and follow recent, on-point Supreme Court precedent. In doing so, this Court should reverse the district court and remand the case.

For the portion of the case that does not concern timeliness, the City continues to compare its requirement that people pay the full penalties assessed to obtain judicial review to a de minimis filing-fee requirement. The City's arguments all fail. A bond to guarantee judgment or a $25 filing fee is simply not the same thing as requiring Mr. Corsini to pay $8,000 up front to even begin the administrative review process and

address constitutional claims. This Court should reverse on this ground as well.

Mr. Corsini's complaint was timely, and he plausibly stated a claim that the City's penalty-prepayment requirement violates due process. This Court should remand the case with discovery to follow.

## Argument

This brief proceeds in two parts. Part I addresses the statute of limitations and explains why Mr. Corsini's claim challenging the City's unreviewable violations is timely or, at least, a question for the trier of fact on remand. Then, Part II shows that Mr. Corsini has plausibly stated a claim that the City's penalty-prepayment requirement violates due process.

## I.  Mr. Corsini's challenge to the unreviewable violations is timely.

The City argues that Mr. Corsini's claim challenging the unreviewable violations is untimely because he filed beyond the three-year statute of limitations. Resp. Br. 16–27. In so doing, the City makes a critical error in calculating when Mr. Corsini's claim accrued and does so by contradicting facts that this Court must take as true in an appeal from a complaint dismissed for failure to state a claim. The City also

misreads the Supreme Court's decision in *Reed v. Goertz*, 598 U.S. 230 (2023), in a manner that nullifies much of the holding of the case.

### A. Mr. Corsini plausibly alleged that his claim challenging the unreviewable violations accrued no earlier than November 21, 2017.

As set forth in Mr. Corsini's opening brief, the statute of limitations for § 1983 claims in New York is three years, and a claim accrues once the plaintiff knows or has reason to know of the injury that is the basis of his action. Opening Br. 25. Mr. Corsini's claim challenging the City's failure to provide him any type of hearing for the unreviewable violations accrued at the conclusion of the City's proceedings against him when it became clear that he would never get any process at all for the unreviewable violations. Mr. Corsini alleged that this happened on November 21, 2017, at the earliest, meaning that Mr. Corsini's November 10, 2020, complaint was timely. Opening Br. 19, 24–33.

The City disagrees by disavowing this clear reading of statute-of-limitations principles and the facts Mr. Corsini alleged in his complaint to instead contend that Mr. Corsini is outside the period and thus time-barred. The City contends that Mr. Corsini's claim to the unreviewable violations was triggered by one of three possible dates: (1) December 14,

2016, when the City issued Mr. Corsini the unreviewable violations, *see* A-113; (2) in January 2017, when the City held hearings on other violations, *see* A-114–15; or (3) in February 2017, when the administrative appeal deadline for those January hearings ended. Resp. Br. 16–17. Whichever of the three is correct, the City says, all are more than three years before Mr. Corsini filed his case on November 10, 2020, A-7. Resp. Br. 17.

The City looks at the wrong information. The clock for the statute of limitations starts ticking when the claim accrues. A claim accrues when the plaintiff "knows or has reason to know of the injury which is the basis of his action." *Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir. 1994) (cleaned up). In other words, the operative time is when the plaintiff "knows or has reason to know of the allegedly impermissible conduct and the resulting harm." *Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir. 1994). As Mr. Corsini alleged in his complaint—a fact that must be taken as true at this juncture—he did not know that the City had issued him an unreviewable violation for which he would not receive process until the City completed its full process against him for the coop without

providing process for two of the violations, and Mr. Corsini had no reason to know that. Whether he did is a question for discovery, not appeal.

### 1. Mr. Corsini plausibly alleged he did not know that he would not receive a hearing for the unreviewable violations until all proceedings ended.

Mr. Corsini's complaint explicitly alleged that he did not know that he would not get a hearing or any other process for the unreviewable violations, and that the first time he realized that he would not get any process was after the last hearing concluded on November 21, 2017. Specifically:

> Mr. Corsini did not understand (because the notices did not inform him) that he could challenge and receive review in some forum for only a subset of the violations. He reasonably believed that any hearings at which he could contest the DOB's allegations and violations would encompass all violations. In other words, **he did not know that upon issuance of some (but not all) of the violations against him, the City was depriving him of a forum in which to contest and have reviewed some (but not all) of the violations against him**.

A-114 (emphasis added). "[I]t was not until November 21, 2017, at the earliest, that Mr. Corsini realized that *all* proceedings had concluded, and he had not, and would never, receive a hearing for each unreviewable violation the DOB had issued." A-115. Under the standard of review for

5

motions to dismiss, this should be enough for this Court to reverse and remand.

Even if this Court were to analyze further, however, the plausibility of Mr. Corsini's conclusion becomes clear. All the violations centered around a singular issue—the pigeon coop—so Mr. Corsini "understood that these notices, summonses, and hearings were related to, and built upon, his prior notices, summonses, and hearings, and that they all remained open to the ongoing administrative adjudication process that he was facing." *Id.* He "understood that these hearings (the last of which occurred on November 21, 2017) were meant to resolve all proceedings against him regarding his coop." *Id.* His understanding is further reinforced by the fact that he wrote a single check in early 2018 to pay the penalties for all outstanding violations to "clear[] it all up at once," without realizing that the unreviewable violations had "never been the subject of any adjudication." A-115–16.

Contradicting these explicit assertions, the City argues that Mr. Corsini knew upon receipt of the unreviewable violations in December 2016 that he would never get a hearing by pointing to other paragraphs in the complaint describing how the City's code-enforcement system

6

operates. Resp. Br. 17–18 (citing A-101). To support this argument, the City cites to a page of the complaint that appears in a section titled "The City's Building and Construction Enforcement Process." A-98. That section starts thirteen pages before the section describing what happened to Mr. Corsini. A-111 (section starting "The DOB Prosecutes Mr. Corsini"). Describing something he knows now that the City made opaque at the time does not prove that the City provided him with sufficient information. The complaint's description of unreviewable violations, as informed by the City's code and publicly available materials, is not the same thing as the knowledge that Mr. Corsini had upon receipt of unreviewable violations in December 2016. The City cannot contradict a complaint's assertions merely because the City does not like those assertions. Instead, it must take Mr. Corsini's factual allegations in the complaint as true. *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009). The complaint was clear as could be that Mr. Corsini did not know until the end of all his hearings that he would not get one for the unreviewable violations.

## 2. The City's argument that Mr. Corsini should have known he would not receive a hearing fails.

The City then shifts, saying that even if Mr. Corsini did not know, he should have known. Resp. Br. 18. The fact that the violations did not include a hearing date is, according to the City, enough to alert "a person of reasonable intellect" to the fact "that he is being denied a hearing." *Id.* If not December 2016, then he should have known by either January 2017 (after some, but not all, of the hearings) or February 2017 (when the appeal deadline for the January hearings lapsed). Resp. Br. 18–19. This aligns with the court below, which deemed Mr. Corsini's claim time-barred because he "should have known no later than January 2017." A-234. Whether someone should have known something at the time requires factual development, however, making it a question for the trier of fact and inappropriate for resolution on a motion to dismiss and appeal from a dismissed complaint. It also makes little sense, given the ambiguity of the notices of violation for the unreviewable violations and the complexity of the DOB's enforcement process.

As this Court has held, whether a plaintiff knew or should have known that a constitutional violation was occurring is a question for discovery. *See, e.g.*, *Barrett v. United States*, 689 F.2d 324, 333 (2d Cir.

1982) (remanding a case for trial when "plaintiffs have raised factual issues concerning whether or not they had reason to know of these injuries"); *Brody v. Vill. of Port Chester*, 434 F.3d 121, 124 (2d Cir. 2005) (remanding for trial to determine whether property owner had actual notice of condemnation proceedings); *Brody v. Vill. of Port Chester*, 509 F. Supp. 2d 269, 283 (S.D.N.Y. 2007) (concluding, after trial, that the property owner did not receive actual notice). *See also Pendleton ex rel. Pendleton v. City of Goodyear*, No. CV-09-2213, 2010 WL 1996749, at *5 (D. Ariz. May 19, 2010) (holding that whether plaintiff "should have known" of a due process violation is a question of fact that cannot be resolved on a motion to dismiss). This is part of a broader conclusion the federal courts of appeals have reached: Courts should generally not dismiss complaints on statute-of-limitations grounds. *See, e.g.*, *Sidney Hillman Health Ctr. of Rochester v. Abbott Laboratories, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015); *Lutz v. Chesapeake Appalachia, LLC*, 717 F.3d 459, 464 (6th Cir. 2013); *Bistline v. Parker*, 918 F.3d 849, 876 (10th Cir. 2019); *Schmidt v. Skolas*, 770 F.3d 241, 251 (3d Cir. 2014). "As long as there is a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense, questions of timeliness are

left for summary judgment" or trial. *Sidney Hillman Health Ctr.*, 782 F.3d at 928.

As set forth above, Mr. Corsini did not know that a constitutional violation occurred until November 2017. Whether he should have known sooner is a question that requires facts to answer. What happened at Mr. Corsini's hearings in January, March, and November 2017? Was it clear from those hearings for some notices of violation that they did not encompass all the notices of violation and that Mr. Corsini would never receive a hearing for those *other* notices of violation? The administrative adjudication process resulted in the City fining Mr. Corsini $800 for each reviewable violation—did the DOB or the adjudicator tell Mr. Corsini that the City was imposing the penalties for all his violations, and not just some? Do other New Yorkers who receive an unreviewable violation believe that they, too, will receive process to resolve those violations? These questions, and more, remain open and guide the answer as to whether Mr. Corsini should have known that the City imposed two process-less notices of violation amid a sea of notices of violation before he actually learned that.

Looking at the face of the notices of violation and the complexity of the City's code-enforcement process furthers the point that this is incredibly confusing. That "a person of reasonable intellect" would have known he would not get a hearing, Resp. Br. 25, is unavailing. First, the City's own notices nowhere indicate that he would never get a hearing. *See* A-158–61. The notices were from the DOB, they reference other violations for which he was receiving a hearing, they reference that hearing itself, they tell him to pay, and they cite the administrative code. *Id.* And they lack a great deal of vital information. They nowhere explain that Mr. Corsini cannot challenge them at a hearing in front of a neutral adjudicator. It is clear from the face of the notices that they do not apprise Mr. Corsini of the pendency of an action that impacts his rights. *Cf. Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (notice must apprise interested parties of the pendency of an action and an opportunity to present their objections within a reasonable time); *Brody*, 434 F.3d at 130 ("*Mullane* requires as much notice as is practicable to inform a [person] of legal proceedings against his property."); *see also Tioronda, LLC v. New York*, 386 F. Supp. 2d 342, 353–54 (S.D.N.Y. 2005) (the government must provide an opportunity for

11

an adversarial proceeding or judicial review and communicate that information to the property owner). The City's unreviewable notices are ambiguous at best, deliberately misleading at worst, and certainly do not provide sufficient information to inform the average person that, "This is it—this is all you get. Now pay."

In addition to the woeful insufficiency of the text of the notices, the text of the City's ordinances, as well as its arguments in this case, further contradict that "a person of reasonable intellect" would have been alerted by the notices that the City would never provide him with a hearing. The unreviewable notices of violation cite two ordinances, neither of which even hint that a property owner who has been issued an unreviewable notice will never get a hearing. A-158 (citing N.Y.C. Admin. Code § 28-204.2 (describing an order to certify a correction) and N.Y.C. Admin. Code § 28-219.1 (describing penalties for failure to certify a correction)). A careful reader of an unreviewable notice of violation might go read the codes cited, but even then, no careful reader would read the text to understand that the City would never provide a hearing on these orders and any accompanying penalties.

Indeed, the City has maintained throughout this case that there is no such thing as an unreviewable notice of violation. *See* A-180 ("DOB civil penalties are subject to administrative and judicial review" as the enforceability of the unreviewable violations "turns on the validity" of the reviewable violations); A-31–32 (same); A-69–70 (same). If the City, in its defense of the unreviewable notices of violation, interprets them as creating a right to a hearing, how would this average Joe be expected to read them otherwise?

The ultimate question of whether—and when—Mr. Corsini should have known that the City levied an unconstitutional penalty on him is a question for the trier of fact. The court below contravened this Court's caselaw by concluding otherwise, as do the City's arguments here. This Court should reject these attempts to take an end run around the need for discovering and deciding facts.

### 3. The Supreme Court's decision in *Reed* makes clear that Mr. Corsini's claim is timely.

This Court could also conclude that Mr. Corsini's claim was timely without remanding the issue for further development. This is because *Reed v. Goertz*, 598 U.S. 230 (2023), is dispositive in showing that Mr. Corsini's due process claim did not accrue until November 2017 at the

earliest. In his opening brief, Mr. Corsini walked through the Supreme Court's decision, which showed that the cause of action for a due process claim accrues not when the government makes its first constitutional error, but when it concludes all the procedures associated with that violation and still has not provided sufficient process. Opening Br. 26–30. In response, the City tries to wave away *Reed*, first by debating which decisions below are on appeal (all of them, *see* A-243) and then by chopping up the notices of violation into discrete processes, with later violations unrelated to the earliest processes. Resp. Br. 20–27. The Court below similarly separated each violation. A-233. This approach is wrong.

Mr. Corsini received a total of eight notices of violation from September 2016 through April 2017: Four reviewable violations (A-130, -132, -140, -142), followed by two unreviewable violations (A-158, -160), trailed by two more reviewable violations (A-148, -151). All of these were interrelated, stemming from the City's opposition to the same pigeon coop. Each violation involved the same set of ordinances, arguments, and defenses, and Mr. Corsini believed all to be related—which, indeed, they were. *Supra* § I.A.1.

Mr. Corsini did not have a complete and present cause of action until the final decision was issued relating to these violations on November 21, 2017, at the earliest. Had Mr. Corsini filed a § 1983 case sooner than that, the City would have argued his claims unripe (Mr. Corsini would have had an opportunity to challenge the unreviewable violations at a later hearing) and barred by *Younger* abstention (the state-court process was still ongoing). Concerns of federalism and parallel litigation drove the Court's holding in *Reed*. 598 U.S. at 236–37. There, an inmate requested DNA testing on more than 40 pieces of evidence; the prosecutor agreed to test some, but not all, and the trial court refused to order the testing. *Id.* at 233. The Supreme Court held that Reed's due-process claim accrued at the end of his state-court litigation—and not when the prosecutor declined to test the evidence. *Id.* at 236. This, the Court reasoned, was because requiring a party to file a federal due-process challenge while state-court procedures were still ongoing would create "senseless duplication" for "no good reason." *Id.* at 237. Accordingly, the statute-of-limitations clock starts later, once "the state litigation ends." *Id.*

15

The City asks this Court to directly contradict *Reed* and require parties to raise their due-process challenges either at the beginning or in the middle of a proceeding, while the process is still ongoing. Resp. Br. 21–22. That reading contradicts *Reed* and the cases that have since applied it. *E.g.*, *Johnson v. Griffin*, 69 F.4th 506, 511 (8th Cir. 2023) (the statute of limitations begins to run at the end of the state court litigation); *Williams v. Krasner*, No. 22-2984, 2023 WL 3773861, at *4 (3d Cir. June 2, 2023) (per curiam) (same); *Billeris v. Inc. Vill. of Bayville*, No. 20-cv-03298, 2023 WL 6214108, at *6 (E.D.N.Y. Sept. 25, 2023) (applying *Reed* to takings case).

Under *Reed*, Mr. Corsini's claim challenging the unreviewable notices of violation is timely, and he should be allowed to pursue that claim on the merits.

## II. Mr. Corsini has plausibly stated a claim that the City's penalty-prepayment requirement violates due process.

Mr. Corsini's remaining due-process claim does not face a timeliness argument, and it survives even if this Court deems Mr. Corsini's due-process claim challenging the unreviewable violations to be untimely.

16

This claim challenges the requirement that Mr. Corsini pay $8,000 to appeal his case and present his constitutional claims to a neutral adjudicator. This is because the City conditions appeals on a property owner prepaying the full penalty assessed before they can appeal their case, and it limits constitutional arguments to appeal. *See* Opening Br. 33–42, A-108–10. The City, like the court below, contends that this barrier to appeal is like a filing fee or bond requirement—because a fee or bond is constitutional, the prepayment requirement must also be constitutional. A-236–41; Resp. Br. 27–31. However, homeowners like Mr. Corsini do not face a bond or a fee. Rather, just to have a chance to raise his claims in front of a non-administrative judge, including his first chance to raise constitutional claims, the City required that Mr. Corsini first pay $8,000.

## A. The City's penalty-prepayment requirement is not a filing fee.

Mr. Corsini established that he stated a plausible claim that the City's conditioning of the ability to appeal on the prepayment of all penalties violates due process because the disincentives the City created place review out of the grasp of many. *See* Opening Br. 33–41. The district

court rejected this argument, relying on cases upholding the constitutionality of a bond, a point the City doubles down on and expands, comparing the requirement to a bond and a filing fee. Resp. Br. 27–31. The City's requirement is nothing like a filing fee, however, which run $25 or $100. It also is not like a bond, which serves to protect the judgment from being eliminated while the case pends. Instead, filing an appeal in the City's system requires the payment of substantial sums of money—$8,000 in Mr. Corsini's case. This sum is absurdly high, especially considering that Mr. Corsini is not going anywhere and the City faces no risk of losing the amount it says it is owed. Put simply, the barrier the City has erected to homeowners defending their rights is fundamentally different than what courts have already authorized.

The City's demand that Mr. Corsini pay $8,000 to present his claims to the judicial branch where he can make constitutional arguments for the first time is substantively and substantially different than a filing fee. The City argues that cases authorizing de minimis filing fees authorize its prepayment requirement. But a look at the facts shows how different these cases are: a $50 filing fee for a bankruptcy case, *United States v. Kras*, 409 U.S. 434, 436, 445 (1973), Resp. Br. 28; a $25 filing

fee to appeal an agency decision, *Ortwein v. Schwab*, 410 U.S. 656, 657 (1973) (per curiam), Resp. Br. 28; a $105 filing fee, *Nicholas v. Tucker*, 114 F.3d 17, 19–20 (2d Cir. 1997), Resp. Br. 28. None of those come close to an $8,000 requirement.

The City also points to cases involving bond requirements to save its prepayment requirement. But a look at those cases likewise reveals their inapplicability. *Lindsey v. Normet*, for example, involved a double-bond requirement that the Supreme Court held unconstitutional. 405 U.S. 56, 77 (1972). In *Augustin v. Nassau County Sheriff's Department*, the lower court entered final judgment that awarded $11.5 million and directed the county to deposit that money with the court within 30 days. 783 F.3d 414, 416 (2d Cir. 2015). The county sought to stay that order without paying a bond; this Court agreed, allowing the City to appeal without a bond. *Id.* at 418. This Court's decision in *Adsani v. Miller* addressed a bond requirement for an appellant who lived abroad and had no assets in the United States. 139 F.3d 67, 69 (2d Cir. 1998). By contrast, Mr. Corsini lives in New York in his house, which he owns and has lived in for years. *See* A-97. The remaining bond case is an out-of-circuit case that is not persuasive and that this Court has not followed. *Saharoff v.*

19

*Stone*, 638 F.2d 90 (9th Cir. 1980). "Courts . . . must be wary of orders" that impermissibly encumber the right of judicial review. *In re Am. President Lines, Inc.*, 779 F.2d 714, 718–19 (D.C. Cir. 1985) (remanding a case to reduce an appeal bond from $10,000 to $450).

Requiring a small filing fee or ordering someone with no assets in the United States to pay a bond to protect the judgment are one thing. Such fees do not erect an almost impossible barrier to people seeking to defend their rights. By contrast, the City's requirement that Mr. Corsini pay $8,000 for no good reason does nothing more than disincentivize him from seeking judicial review of an administrative decision. Demanding that someone pay $8,000 simply to have a member of the judicial branch evaluate their case means that, in practice, very few people are going to do that. And courts are wary of barriers that encumber the right of people to seek judicial review.

This is made worse by the fact that no one can raise a constitutional claim until they prepay the penalty and obtain an Article 78 proceeding. In other words, the only way to have anyone review the constitutionality of the City's actions in enforcing its building code is to pay thousands of

dollars first. That barrier to review is insurmountable for many and unconstitutional for all.

## Conclusion

For the foregoing reasons, this Court should reverse the judgment below and remand for consideration of the merits.

Dated: November 14, 2023                 Respectfully submitted,

/s/ William R. Maurer
William R. Maurer
INSTITUTE FOR JUSTICE
600 University Street,
Suite 1730,
Seattle, WA 98101
P. (206) 957-1300
E. wmaurer@ij.org

Diana K. Simpson
Jaba Tsitsuashvili
INSTITUTE FOR JUSTICE
901 N. Glebe Road,
Suite 900,
Arlington, VA 22203
P. (703) 682-9320
F. (703) 682-9321
E. diana.simpson@ij.org;
jtsitsuashvili@ij.org

Jaime Lathrop
LAW OFFICES OF JAIME LATHROP,
P.C.
182A 26th Street,
Suite 2R,
Brooklyn, NY 11232

P. (718) 857-3663
E. jlathrop@lathroplawpc.com

*Counsel for Appellant*

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) and Local Rule 32.1(a)(4)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

   [ X ] this brief contains 4,235 words.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

   [ X ] this brief has been prepared in a proportionally spaced typeface using *Microsoft Word 365* in *14pt Century Schoolbook*.

Dated: November 14, 2023                    /s/ William R. Maurer
                                            *Counsel for Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 14th day of November, 2023, I caused this Reply Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all registered CM/ECF users.

/s/ William R. Maurer
*Counsel for Appellant*

24