23-1065-cv
*Corsini v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand twenty-four.

Present:

>  RICHARD C. WESLEY,
>  GERARD E. LYNCH,
>  EUNICE C. LEE,
> >  *Circuit Judges.*

JOSEPH CORSINI,

>  *Plaintiff-Appellant*,

v.   23-1065-cv

CITY OF NEW YORK,

>  *Defendant-Appellee*.

For Plaintiff-Appellant:   WILLIAM R. MAURER (Diana K. Simpson, Jaba Tsitsuashvili, Institute for Justice, Arlington, VA; Jaime Lathrop, Law Offices of Jaime Lathrop, P.C., Brooklyn, NY, *on the brief*), Institute for Justice, Seattle, WA.

| | |
|---|---|
| For Defendant-Appellee: | ANTONELLA KARLIN (Richard Dearing, Jamison Davies, *on the brief*), *for* Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY. |

Appeal from a July 12, 2023 judgment of the United States District Court for the Eastern District of New York (Gonzalez, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Joseph Corsini appeals the district court's dismissal of his November 2020 action against the City of New York (the "City") pursuant to 42 U.S.C. § 1983, alleging claims that the City violated his procedural due process rights related to a series of violations he received from the Department of Buildings (the "DOB") in 2016 and 2017. Corsini received those violations due to a pigeon coop he had built on his roof without a permit and in violation of the New York City Administrative Code ("N.Y.C. Admin Code").

After twice granting Corsini leave to amend, the district court dismissed Corsini's claims under Federal Rule of Civil Procedure 12(b)(6), reasoning that most of his claims were time-barred, and those that were not failed to allege sufficient facts to demonstrate that he had suffered a due process violation. Corsini appealed. We assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

This Court reviews "*de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Collins v. Putt*, 979 F.3d

2

128, 132 (2d Cir. 2020) (quoting *Dolan v. Connolly*, 794 F.3d 290, 293 (2d Cir. 2015)). "A district court's legal conclusions, including its interpretation and application of a statute of limitations, are likewise reviewed *de novo*." *City of Pontiac Gen. Emps.' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

I. **The December 2016 Notices of Violation**

Corsini first argues that the district court erred in finding his claim related to the December 2016 violations untimely. Corsini contends that his complaint was timely filed in November 2020 as to the December 2016 violations because the claim did not accrue until November 2017, when all proceedings related to his pigeon coop—including for later-received violations—had concluded. For the reasons below, we disagree.

The length of the statute of limitations for a § 1983 claim is determined by state law, but federal law governs when a § 1983 claim accrues—i.e., when the statute of limitations begins to run. *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023). The statute of limitations applicable to § 1983 claims in New York is three years, "running from the time a plaintiff knows or has reason to know of the injury giving rise to the claim." *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015) (internal quotation marks omitted).

Corsini received the first of several sets of violations from the DOB for the pigeon coop on his roof in September 2016, and a second set in November 2016 for failing to correct the September 2016 violations. He then received a set of violations in December 2016 that were based

3

on, and referenced the violation numbers for, the initial September 2016 violations. The December violations imposed penalty fines on him for failing to act on the violations he received in September 2016. Notably, while the predicate September 2016 violations did provide a hearing date and were explicitly labeled as "Notice[s] of Violation *and Hearing*" (emphasis added), the December 2016 violations did not provide an opportunity for a hearing, and were labeled as simply "Notice[s] of Violation." Corsini attended a consolidated Office of Administrative Trials and Hearings ("OATH") hearing in January 2017 related to both the September and subsequent November 2016 violations. The December 2016 violations were not discussed at this hearing. Corsini contends that the December 2016 violations deprived him of his due process rights because, unlike the others, they did not provide him with the opportunity to be heard in order to contest the penalty fees imposed.

After the January 2017 hearing, Corsini continued to receive new violations throughout 2017 for failing to come into compliance with the N.Y.C. Admin Code. Because of this, he contends, claims related to *any* of the violations (including the December 2016 violations) accrued at the same time. He offers three possible options for the time of accrual—the City's *final* OATH hearing related to his last violation, the issuance of the decision related to that violation, or the City's acceptance of certificates attesting that he was in compliance with the relevant regulations—all of which occurred in November 2017 or later. Thus, Corsini asserts that his filing was timely because, at its earliest, the three-year statute of limitations expired some time in November 2020.

Although it is necessary for a plaintiff to know or to have reason to know of the injury giving rise to a claim for that claim to accrue, *Milan*, 808 F.3d at 963, we reject Corsini's contention that he did not have reason to know that he would not receive a hearing for the

4

December 2016 violations until all the proceedings related to the pigeon coop had ended. First, even assuming that there was some ambiguity in the December 2016 notices—an unconvincing assertion given that a reasonable person could likely appreciate the differences between the December violations and the September/November ones—this only means that at the latest, Corsini should have known after the January 2017 OATH hearing that the City was not going to provide any additional process for the 2016 violations. At that point, he had no other administrative hearings scheduled, and his interactions with the City as it related to his pigeon coop (aside from any appeal) were complete. Second, Corsini's continued willful violations of the N.Y.C. Admin Code leading to additional violation notices throughout 2017, and his refusal to act on, or appeal, the January 2017 OATH decision, do not afford him the right to unilaterally toll the statute of limitations on his due process claim related to the December 2016 notices.

As such, we conclude that the claims for the December 2016 violations accrued no later than February 2017—at the time when the period to appeal the January OATH decision had passed, and thus, when all of the administrative processes related to the underlying fall 2016 violations were complete. Accordingly, the three-year statute of limitations period for grievances related to all of the 2016 violations ended no later than February 2020, making Corsini's November 2020 complaint challenging the December 2016 violations untimely.

**II.     Payment Condition for Appeal**

Corsini next contends that the City's requirement that he provide full payment of the fines and penalties imposed by the OATH officer prior to being able to appeal the OATH decision also violated his due process rights because the requirement constitutes an impermissible barrier to

5

accessing courts and judicial review of the City's administrative procedures.[1] *See* 48 R.C.N.Y. § 6-19(a)(1)(iii) ("Where a respondent appeals, that respondent must indicate in writing that payment of any fines, penalties or restitution imposed by the decision has been made in full, unless . . . (A) [r]espondent is granted a waiver of prior payment[.]"). Because Corsini has not demonstrated that the payment requirement is impermissible, and given that he has not pled that this requirement actually imposed a barrier to filing the relevant appeals for each claim, we disagree that the City's payment requirement for appeal violated his due process rights.

Where a right to appeal exists, we have recognized that it does not "offend[] principles of Equal Protection or Due Process fairness" to limit that right by requiring the posting of security for expenses such as "the damages award, interest, and costs on appeal, including attorney's fees." *Adsani v. Miller*, 139 F.3d 67, 77, 78 (2d Cir. 1998). "The requirements of security for appeal to protect appellees are valid if 'reasonably tailored to achieve these ends and uniformly and nondiscriminatorily applied.'" *Id.* at 78 (quoting *Lindsey v. Normet*, 405 U.S. 56, 79 (1972)). We have previously found in an as-applied challenge that a filing fee condition for appeal did not pose an impermissible barrier to appeal where a hardship exception existed and where financial hardship had not been demonstrated by the appellant. *See Nicholas v. Tucker*, 114 F.3d 17, 21 (2d Cir. 1997).

---

[1] Though we have determined Corsini's claims related to the December 2016 violations to be untimely, both parties correctly agree that his claim related to a violation issued in March 2017 is likely timely because the OATH hearing for that violation was not held until November 2017. Accordingly, we address Corsini's challenge to the payment condition for appeal only as it relates to the March 2017 violation.

Here, Corsini has failed to demonstrate that the City's payment requirement to appeal an OATH decision is not reasonably tailored to any of its goals. The City's requirement of payment to appeal an OATH decision comes after an initial hearing has been administered—demonstrating that any deprivation of property comes after some opportunity to be heard is provided. *See Boddie v. Connecticut*, 401 U.S. 371, 379 (1971) (emphasizing that the due process interest is in the opportunity to be heard). The City also provides a hardship waiver process for individuals who have judgments imposed against them by an OATH officer if they cannot post payment towards the judgment in order to appeal the decision. And importantly, the City is obligated to return the payment if the OATH decision is overturned on appeal.

While Corsini acknowledges that the City provides a process by which prospective appellants can seek financial hardship waivers to appeal, he asserts that he did not apply for a hardship waiver because he felt it may have been futile. *Contra Nicholas*, 114 F.3d at 21 (explaining that requiring a party to make economic decisions about filing lawsuits based on other costs of living does not deny access to the courts). Corsini admits that he *chose* not to appeal the OATH decision because he did not want to pay the fines assessed against him after the November 2017 OATH hearing—during which he does not contest that he received a "meaningful opportunity to be heard before" being deprived of his property. *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 62 (1993). Because Corsini does not assert any legitimate constitutional defect in the City's administrative procedures requiring payment of imposed fines in order to appeal, and because the City provides a hardship waiver for the requirement, we find no violation of Corsini's due process rights based on this condition.

\* \* \*

For the reasons set forth above, we conclude that Corsini's claims are either time-barred or fail on the merits. We therefore **AFFIRM** the judgment of the district court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court